GEORGE W. HALLOCK, APPELLANT, *v.* NATHANIEL DOMINY AND SYLVANUS M. OSBORN, RESPONDENTS.

*Section 23, art. 3 of the Constitution — Chap. 194 of 1849 — right to take fish in navigable waters — power of legislature and supervisors to regulate — false imprisonment — action for.*

By the passage of chapter 194 of 1849, authorizing the boards of supervisors of the several counties to make such regulations as they should deem necessary, " to provide for the protection of shell and other fish within the waters of their respective counties," the legislature did not intend to authorize the board of supervisors to restrict the right of taking fish from navigable waters within the limits of their respective counties, to any particular class of persons.

*Semble,* that the legislature, itself, could not enact any local bill, giving to the inhabitants of a town such exclusive privilege or franchise.

The defendants caused the arrest of the plaintiff upon an execution, issued upon a judgment recovered in an action, brought before a justice of the peace, to recover a penalty incurred by a violation of an act of the board of supervisors of Suffolk county, forbidding any person, except an inhabitant of the town of East Hampton, from catching any fish in the creeks, bays or waters of the said town. The plaintiff, having paid the amount of that judgment, brought this action to recover damages for false imprisonment. *Held,* that he was entitled to recover. That the act of the supervisors being without authority, conferred no jurisdiction upon the justice of the peace, and that the defendants by personally directing the arrest of the plaintiff upon the void process, made themselves liable as trespassers.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury, dismissing the plaintiff's complaint.

*George Miller,* for the appellant.

*Wm. Wickham,* for the respondents.

TALCOTT, J.:

This is an action for false imprisonment brought under the following circumstances. The legislature, under the twenty-third section of the third article of the Constitution, conferred upon the boards of supervisors of the several counties in the State certain powers of local legislation, and such boards were by the legislative act in question to make such regulations " as they may deem necessary.

and provide for the enforcing of the same" for a variety of purposes, amongst others, "to provide for the protection of shell and other fish within the waters of their respective counties." (Session Laws of 1849, chap. 194, § 4, subd. 13.)

Claiming to act under the power thus conferred by the legislature, the board of supervisors of Suffolk county, in November, 1854, passed an act entitled "An act for the preservation of good and eatable fish in the waters of the town of East Hampton," whereby it was enacted as follows:

"First. No person or persons, other than the inhabitants of the town of East Hampton, shall hereafter take, or catch, any fish, commonly called eatable fish, with seines, or nets in any part of the creeks, bays, or waters of the town of East Hampton, nor shall any person or persons, other than the inhabitants of the town of East Hampton, take or catch any eels, clams, oysters or shell fish of any kind from any flats, or in any of the creeks, bays or waters of the town of East Hampton.

"Second. Any person or persons who shall violate any of the provisions of the first section of this act, shall, on conviction, forfeit the sum of fifty dollars.

"Third. Any person may in his own name, or in the name of himself and the overseers of the poor of the said town, prosecute and recover the penalty specified in this act for himself and the said overseers of the town, and on recovery shall be entitled to retain one-half of said penalty, and the other half, after deducting one-half of the expenses of the prosecution, shall be paid to the overseers for the support of the poor of the said town.

"Fourth. This act shall take effect on the first day of January next."

Under this act of the board of supervisors an action was duly instituted by the defendants in this action, who are two of the trustees of the town of East Hampton, against the plaintiff herein, before a justice of the peace, and a judgment for the penalty was recovered, the defendant not appearing on the return day of the summons; in default of goods and chattels the plaintiff was arrested and committed to the county jail, and afterwards, to effect his release from confinement, paid the judgment.

The action before the justice was instituted in pursuance of a

resolution of the trustees of East Hampton. But the plaintiffs in that action personally directed the arrest of the defendant on the execution. This action, which is brought to recover damages for the arrest on the execution in the action for the penalty, was tried at the Suffolk Circuit, before a justice of this court without a jury. The defendants set up the act of the supervisors and the proceedings before the justice of the peace, as a justification of the arrest and imprisonment. The justice at the Circuit ruled that the board of supervisors had jurisdiction of the subject-matter legislated upon by them, and that it did not appear that they had improperly exercised their powers.

The sole question presented on this appeal by the counsel for the respective parties is as to the validity of the law, or ordinance, enacted by the supervisors. The defendant was sued for catching scallops, a shell fish, in Peconic bay, a portion of the waters of the Atlantic ocean, about three-fourths of a mile from the land and "nearer to East Hampton than to any other town." The bays described in the supervisors' act are portions of the navigable waters of the ocean. The navigable waters and the land under the same within the body of any county are the property of the people of the State, in their sovereign capacity, and are held for the common use and benefit of all. By the common law every one has an equal right to such creatures as are not naturally under the power and control of man and not domesticated. The mere capture, or seizure, of such creatures creates a property in them in behalf of the captor. Regulations to prevent the capture, or disturbance, of such creatures, either fish or game, at certain seasons of the year, or with certain means and appliances, applicable alike to all persons, are admitted to be within the powers of the legislative body having jurisdiction over the place, but an act prohibiting the capture of such animals as are *feræ naturæ*, in the waters or on the land belonging to the public, as an incident of sovereignty of the State, except to a certain specified class of persons, creates what is in the nature of a franchise in such persons, and I do not think the exercise of such a power was within the intention of the legislature when it enacted the statute, empowering the boards of supervisors of the several counties to legislate for the protection and preservation of fish and game within their counties. It is claimed that the act of the

supervisors of Suffolk county tends to the preservation of the fish in the waters adjoining the town of East Hampton, inasmuch as, by restricting the number of those who are authorized to catch them to the inhabitants of a certain locality, the number of those who, for profit or pleasure, would otherwise engage in their capture is lessened. I do not see why, upon the same argument, the board of supervisors might not restrict the number of those who should be authorized to catch the fish, or capture or kill the game, to such persons as shall be possessed of a particular estate, or a particular amount of land, and thus a privileged class would be created, such, or similar to that which exists under the game laws of England. All such laws creating privileged classes are contrary to the spirit of our institutions, and I cannot think that the legislature intended to authorize the creation of any privileged class by the authority of the act in question. The attempt, therefore, of the supervisors of Suffolk county to confer upon those dwelling in the town of East Hampton the exclusive franchise of fishing in the navigable waters of the State, lying within the boundaries of that town, was ineffectual and void. The legislature itself could not enact any local bill, giving to the individuals residing at East Hampton the exclusive privilege or franchise in question (Const., art. 3, § 18), and it is not to be presumed that it intended to confer the privilege upon the boards of supervisors. The act of the board of supervisors, then, being without authority, conferred no jurisdiction upon the justice of the peace to entertain the action or to issue the execution in question, and I do not see but what, upon the settled law, the defendants, by directing the arrest of the plaintiff upon the void process, made themselves liable as trespassers, notwithstanding the judicial decision of the justice that the proceedings before him were lawful. That the defendants acted in good faith, and in the belief that they were justified in enforcing the supervisors' act, is quite probable. But this matter is to be considered in the award of damages.

New trial granted, costs to abide the event.

Present — BARNARD, P. J., and TALCOTT, J. PRATT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.